IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

v.                                        CRIMINAL ACTION NO. 2:06CR19

RANDY L. ROHRBAUGH,

        Defendant.

## ORDER/OPINION

On the 12th day of June, 2007, came the United States of America by Stephen Warner, Assistant United States Attorney, and also came the defendant, Randy Rohrbaugh, in person, and by his counsel, Jeffrey Freeman, for hearing on the Petition for Action on Conditions of Pretrial Release filed on May 30, 2007, alleging that Rohrbaugh violated Conditions 1, 7(p), and 7(s) of his Conditions of Pretrial Release.

I. Procedural History

On July 13, 2006, Defendant Rohrbaugh pled Guilty to a one-count Information before United States District Judge Robert E. Maxwell. He was released on conditions set by Order that same date. Defendant's Conditions of Release were modified or amended on several occasions.

On May 30, 2007, pre-trial services officer William C. Bechtold filed a "Petition for Action on Conditions of Pretrial Release" alleging Defendant violated Conditions No. 1, 7(p), and 7(s) of the Order. By Order dated May 30, 2007, District Judge Maxwell directed Defendant be arrested and brought before the Court to answer the allegations made against him in the Petition.

Defendant was arrested pursuant to the Court's order and had an Initial Appearance

before the undersigned on May 30, 2007, and a full hearing was held on June 12, 2007.

## II. Contentions

The Petition alleges that Defendant violated Mandatory Condition No. 1, which states that Defendant "shall not commit any offense in violation of federal, state or local law while on release in this case;" Condition 7(p), which states that Defendant "shall refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. §802 unless prescribed by a licensed medical practitioner;" and Condition 7(s), which requires Defendant to refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.

The grounds for the above-alleged violations are stated as follows:

On May 29, 2007, the defendant appeared in the United States Probation Office as required. The previous week, the supervising pretrial services officer had received information that the defendant was tampering with the drug testing administered by the United States Probation Office by utilizing a whizinator. This device is best described as an athletic supporter strap with a prosthetic penis and a pouch which holds synthetic urine. This device is used to provide clean urine during drug testing. The defendant was questioned regarding the use of this device and he denied the allegation. The defendant was asked to drop his pants and he was inspected. Corporal Chris Snodgrass of the West Virginia State Police, Bureau of Criminal Investigation, and the undersigned Pretrial Services Officer noted that the defendant did possess a whizinator in his boxer shorts. The device was confiscated and placed into an evidence bag. The defendant submitted to a urinalysis test at the time which tested presumptively positive for the use of both opiates and marijuana. The sample was submitted to Scientific Testing Laboratories for confirmation testing. To date the result of the test have not yet been received. The defendant admitted to the undersigned that he had used marijuana on at least three occasions and that he had taken Percocet for back pain which were prescribed to his mother.

Prior to the taking of evidence, counsel for Defendant waived the hearing. He also

admitted to the allegations contained in the Petition. The Court then explained the charges contained in the Petition and the effect of the proposed waiver and admission to Defendant and inquired of him as to the voluntariness of his decision to waive hearing and admit to the allegations contained in the Petition. From the colloquy between the Court and the defendant, the Court concludes Defendant's decision to waive the hearing and admit to the allegations contained in the Petition was knowingly and voluntarily made.

Upon consideration of all which, the undersigned concludes there is clear and convincing evidence, and, in fact, Defendant admitted that he violated Conditions No. 1, 7(p), and 7(s) of his Conditions of Release.

Based on the factors set forth in 18 U.S.C. §3142(g) and Defendant's own admission, the undersigned finds Randy L. Rohrbaugh is unlikely to abide by any condition or combination of conditions of release.

It is therefore **ORDERED** that, pursuant to the provisions of 18 U.S.C. §3148 (a), (b)(1)(B) and (2)(A) and (B), the release of Defendant Randy L. Rohrbaugh on conditions is **REVOKED** and that:

1) Defendant be **REMANDED** to the custody of the United States Marshal pending further proceedings in this case;

2. Defendant be confined in a facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. Defendant be afforded a reasonable opportunity for private consultation with defense counsel; a

4. On order of a court of the United States or on request of an attorney for the

> Government, the person in charge of the corrections facility in which Defendant is confined shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

On June 12, 2007, the United States moved the Court under seal to Unseal this Matter and Proceed to Sentencing [Docket Entry 48]. For reasons apparent to the Court and there being no objection from Defendant, the United States' Motion is **GRANTED**. The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

The Clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Probation Officer.

DATED: June 13, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE