**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**RANDY L. ROHRBAUGH,**

    Petitioner,

v.

                       **CIVIL ACTION NO. 2:09-CV-39
                       CRIMINAL ACTION NO. 2:06-CR-19
                       (BAILEY)**

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

I.    Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge David J. Joel. By Local Rule, this action was referred to Magistrate Judge Joel for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Joel filed his R&R on March 10, 2011 [Cr. Doc. 189 / Civ. Doc. 13]. In that filing, the magistrate judge recommended that this Court grant the petitioner's third-amended petition [Cr. Doc. 167], vacate the petitioner's May 1, 2008, Amended Judgment in a Criminal Case ("J&C") [Cr. Doc. 75], and enter a new J&C from which an appeal can be taken.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

1

recommendation to which no objections are addressed.  ***Thomas v. Arn***, 474 U.S. 140, 150 (1985).  In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984).  Here, objections to Magistrate Judge Joel's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  To date, no objections have been filed.  Accordingly, this Court will review the report and recommendation for clear error.

In his R&R, the magistrate judge addressed whether the petitioner's trial counsel was ineffective for failing to file a notice of appeal on his behalf.  To fully resolve this issue, the magistrate judge ordered that an evidentiary hearing be held to determine whether the petitioner instructed his counsel to file an appeal.  ([Cr. Doc. 169] at 57).  An evidentiary hearing was held on March 3, 2011, at which time testimony was elicited from the petitioner and his former counsel [Cr. Doc. 188].  After finding that counsel did not remain reasonably available to the petitioner during the ten-day appellate period, the magistrate judge now recommends that the petitioner's J&C be vacated and re-entered so that a notice of appeal can be filed.

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Cr. Doc. 189 / Civ. Doc. 13]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report.  Accordingly, it is **ORDERED** that the petitioner's third amended § 2255 petition **[Cr. Doc. 167]** be **GRANTED** to the extent that it alleges an ineffective assistance of counsel claim based upon counsel's failure to file a notice of appeal.  It is

2

further **ORDERED** that the judgment entered by this Court on May 1, 2008 **[Cr. Doc. 75]**, be **VACATED** so that an amended judgment may be entered from which the petitioner may file an appeal. The United States Probation Office is hereby **DIRECTED** to prepare an amended judgment in accordance with this Order. Finally, upon entry of the amended judgment, the Clerk of the Court is hereby **DIRECTED** to file a notice of appeal from that judgment on the petitioner's behalf.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** March 30, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE